**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-5278**

———————————

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

MORRIS ANTONIO REID,

            Defendant – Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
District Judge.  (5:09-cr-00263-D-1)

———————————

Submitted:  June 13, 2011            Decided:  June 21, 2011

———————————

Before WILKINSON, AGEE, and KEENAN, Circuit Judges.

———————————

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

———————————

James C. White, Michelle M. Walker, LAW OFFICE OF JAMES C.
WHITE, PC, Chapel Hill, North Carolina, for Appellant.  Jennifer
P. May-Parker, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Morris Antonio Reid pleaded guilty, pursuant to a plea agreement, to possession of stolen ammunition, in violation of 18 U.S.C. § 922(j) (2006). He was sentenced to 102 months' imprisonment. On appeal, Reid argues that the district court applied improper enhancements to his offense level and that trial counsel was ineffective at sentencing by failing to present certain arguments in opposition to the enhancements.

The Government seeks to enforce the appellate waiver provision of the plea agreement and has moved to dismiss Reid's appeal. Reid asserts that his appeal is based upon ineffective assistance of counsel and is therefore outside the scope of the appellate waiver.

Pursuant to a plea agreement, a defendant may waive his appellate rights. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Whether a defendant has validly waived his right to appeal is a question of law that this court reviews de novo. Manigan, 592 F.3d at 626.

An appellate waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal. Id. at 627. To determine whether a waiver is knowing and

2

intelligent, this court examines the totality of the circumstances. Id. "An important factor in such an evaluation is whether the district court sufficiently explained the waiver to the defendant during the Federal Rule of Criminal Procedure 11 plea colloquy." Id.; see United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Here, the district court specifically questioned Reid concerning the waiver provision of the plea agreement. Reid affirmed that he read and understood each term of the plea agreement. The district court read the appellate wavier provision in its entirety and asked Reid whether he understood the appellate rights he was giving up. Reid indicated he understood. The court also advised Reid that he could receive a sentence up to the statutory maximum, and that such a sentence would not entitle him to withdraw his guilty plea. We therefore conclude that Reid knowingly and intelligently waived his right to appeal his sentence. Reid has not challenged the validity of the waiver. Accordingly, Reid's challenges to his sentence are within the scope of the waiver and may not be reviewed by this court.

Reid also asserts that counsel provided ineffective assistance in failing to present certain arguments at sentencing. This issue falls outside the appellate waiver provision, and we deny the motion to dismiss as to this claim.

However, as a general rule, claims of ineffective assistance of counsel must be raised in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion rather than on direct appeal, unless the appellate record conclusively demonstrates ineffective assistance. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Because the record here does not conclusively establish that counsel was constitutionally ineffective in presenting sentencing arguments, the claim is not subject to review on direct appeal.

Accordingly, we grant the Government's motion to dismiss in part and deny it in part. We dismiss the appeal of Reid's sentence and otherwise affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4